IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOADIN TECHNOLOGY, LLC ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No._____ |
| BLOOMBERG L.P., DOW JONES & ) | |
| COMPANY, INC., THE NEW YORK TIMES ) | **JURY TRIAL DEMANDED** |
| COMPANY, CNBC LLC, FOX NEWS ) | |
| NETWORK, LLC, GANNETT CO., INC., and ) | |
| MARKETWATCH, INC., ) | |
|     Defendants. ) | |

## COMPLAINT

For its Complaint, Plaintiff Boadin Technology, LLC ("Boadin"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Boadin is a Delaware limited liability company with a place of business located at 113 Barksdale Professional Center, Newark, Delaware 19711.

2. Defendant Bloomberg L.P. ("Bloomberg") is a Delaware limited partnership with, upon information and belief, a place of business located at 731 Lexington Avenue, New York, New York 10022.

3. Defendant Dow Jones & Company, Inc. ("Dow Jones") is a Delaware company with, upon information and belief, a place of business located at 1155 Avenue of the Americas, 7th Floor, New York, New York 10036.

4. Defendant The New York Times Company ("The Times") is a New York company with, upon information and belief, a place of business located at 620 Eighth Avenue, New York, New York 10018. The Times does business in this judicial district.

5. Defendant CNBC LLC ("CNBC") is a Delaware limited liability company with, upon information and belief, a place of business located at 900 Sylvan Avenue Englewood Cliffs, New Jersey 07632

6. Defendant Fox News Network, LLC ("Fox News") is a Delaware limited liability company with, upon information and belief, a place of business located at 1211 Avenue of the Americas, New York, New York 10036.

7. Defendant Gannett Co., Inc. ("Gannett") is a Delaware company with, upon information and belief, a place of business at 7950 Jones Branch Drive McLean, Virginia 22107.

8. Defendant MarketWatch, Inc. ("MarketWatch") is a Delaware company with, upon information and belief, a place of business at 201 California Street, 13th Floor, San Francisco, California 94111.

## JURISDICTION AND VENUE

9. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

10. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

11. Upon information and belief, each Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

12. Venue is proper in this District pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENTS-IN-SUIT

13. On December 21, 2010, United States Patent No. 7,856,472 (the "'472

patent"), entitled "Instantaneous Symbol Lookup," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '472 patent is attached hereto as Exhibit A.

14. On December 7, 2010, United States Patent No. 7,849,148 (the "'148 patent"), entitled "Instantaneous Symbol Lookup," was duly and lawfully issued by the USPTO. A true and correct copy of the '148 patent is attached hereto as Exhibit B.

15. Boadin is the assignee and owner of the right, title and interest in and to the '472 and '148 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,856,472

16. Boadin repeats and realleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

17. Without license or authorization and in violation of 35 U.S.C. § 271(a), Bloomberg has infringed and continues to infringe one or more claims of the '472 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the website www.bloomberg.com (the "Bloomberg Website"), that embody the subject matter claimed in the '472 patent. A copy of relevant portions of the Bloomberg Website is attached as Exhibit C.

18. Without license or authorization and in violation of 35 U.S.C. § 271(a), Dow Jones has infringed and continues to infringe one or more claims of the '472 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States,

certain computer program products, including without limitation via the website www.wsj.com (the "Dow Jones Website"), that embody the subject matter claimed in the '472 patent. A copy of relevant portions of the Dow Jones Website is attached as Exhibit D.

19. Without license or authorization and in violation of 35 U.S.C. § 271(a), The Times has infringed and continues to infringe one or more claims of the '472 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the website www.nytimes.com (the "The Times Website"), that embody the subject matter claimed in the '472 patent. A copy of relevant portions of the The Times Website is attached as Exhibit E.

20. Without license or authorization and in violation of 35 U.S.C. § 271(a), CNBC has infringed and continues to infringe one or more claims of the '472 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the website www.cnbc.com (the "CNBC Website"), that embody the subject matter claimed in the '472 patent. A copy of relevant portions of the CNBC Website is attached as Exhibit F.

21. Without license or authorization and in violation of 35 U.S.C. § 271(a), Fox News has infringed and continues to infringe one or more claims of the '472 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the website

www.foxbusiness.com (the "Fox News Website"), that embody the subject matter claimed in the '472 patent. A copy of relevant portions of the Fox News Website is attached as Exhibit G.

22. Without license or authorization and in violation of 35 U.S.C. § 271(a), Gannett has infringed and continues to infringe one or more claims of the '472 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation the website www.usatoday.com (the "Gannett Website"), that embody the subject matter claimed in the '472 patent. A copy of relevant portions of the Gannett Website is attached as Exhibit H.

23. Without license or authorization and in violation of 35 U.S.C. § 271(a), MarketWatch has infringed and continues to infringe one or more claims of the '472 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation the website www.marketwatch.com (the "MarketWatch Website"), that embody the subject matter claimed in the '472 patent. A copy of relevant portions of the MarketWatch Website is attached as Exhibit I.

24. Boadin is entitled to recover from Defendants the damages sustained by Boadin as a result of the their infringement of the '472 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,849,148**

25.     Boadin repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Bloomberg has infringed and continues to infringe one or more claims of the '148 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the Bloomberg Website, that embody the subject matter claimed in the '148 patent.  A copy of relevant portions of the Bloomberg Website is attached as Exhibit J.

27.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Dow Jones has infringed and continues to infringe one or more claims of the '148 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the Dow Jones Website, that embody the subject matter claimed in the '148 patent.  A copy of relevant portions of the Dow Jones Website is attached as Exhibit K.

28.     Without license or authorization and in violation of 35 U.S.C. § 271(a), CNBC has infringed and continues to infringe one or more claims of the '148 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the CNBC Website, that embody the subject matter claimed in the '148 patent.  A copy of relevant portions of the CNBC Website is attached as Exhibit L.

29. Without license or authorization and in violation of 35 U.S.C. § 271(a), Gannett has infringed and continues to infringe one or more claims of the '148 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the Gannett Website, that embody the subject matter claimed in the '148 patent. A copy of relevant portions of the CNBC Website is attached as Exhibit M.

30. Without license or authorization and in violation of 35 U.S.C. § 271(a), MarketWatch has infringed and continues to infringe one or more claims of the '148 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the MarketWatch Website, that embody the subject matter claimed in the '148 patent. A copy of relevant portions of the MarketWatch Website is attached as Exhibit N.

31. Boadin is entitled to recover from Bloomberg, Dow Jones, CNBC, Gannett and MarketWatch as a result of their infringement of the '148 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Boadin hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Boadin requests that this Court enter judgment against Defendants as follows:

A. An adjudication that Defendants have infringed the '472 patent;

B. An adjudication that Bloomberg, Dow Jones, CNBC, Gannett and MarketWatch have infringed the '148 patent;

C. An award of damages to be paid by Defendants adequate to compensate Boadin for their past infringement of the '472 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and enhanced damages for any willful infringement as justified under 35 U.S.C. § 284 and, an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. An award of damages to be paid by Bloomberg, Dow Jones, CNBC, Gannett and MarketWatch adequate to compensate Boadin for their past infringement of the '148 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and enhanced damages for any willful infringement as justified under 35 U.S.C. § 284 and, an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

E. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Boadin's reasonable attorneys' fees; and

F. An award to Boadin of such further relief at law or in equity as the Court deems just and proper.

| | |
|---|---|
| Dated:  September 12, 2011 | STAMOULIS & WEINBLATT LLC |
| | |
| | */s/ Richard C. Weinblatt* |
| | Stamatios Stamoulis #4606 |
| | stamoulis@swdelaw.com |
| | Richard C. Weinblatt #5080 |
| | weinblatt@swdelaw.com |
| | Two Fox Point Centre |
| | 6 Denny Road, Suite 307 |
| | Wilmington, DE 19809 |
| | Telephone:  (302) 999-1540 |
| | |
| | *Attorneys for Plaintiff* |
| | *Boadin Technology, LLC* |